IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARTHA GALLAHER,

       Plaintiff,

v.                                  Civil Action No. 5:05CV6
                                                  (STAMP)

WAVING LEAVES, INC.,
d/b/a HARDEE'S RESTAURANT,
an Ohio corporation,

       Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
FOR LACK OF REQUISITE AMOUNT IN CONTROVERSY,
DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
VACATING ORDER SCHEDULING MEDIATION
AND VACATING MEDIATION**

I.   Background

This personal injury action was brought by Martha Gallaher in the Circuit Court of Ohio County, West Virginia. A suggestion of stay was filed in that court indicating that the defendant, Waving Leaves, Inc. ("Waving Leaves"), had filed for protection pursuant to Chapter 11 of the United States Bankruptcy Code on December 3, 2003. The defendant filed a notice of removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a).[1] On March 7, 2006, the plaintiff filed a motion to remand, to which no response was

---

[1] The defendant does not contend that the plaintiff's complaint presents a federal question under 28 U.S.C. § 1331.

filed.[2]  In addition, the defendant has filed a motion for summary judgment to which the plaintiff has filed a response.  The defendant filed no reply and the time for a reply has expired.  Finally, on March 8, 2006, this Court entered an order scheduling mediation in this civil action.

For the reasons set forth below, this Court finds that the plaintiff's motion for remand must be granted, the defendant's motion for summary judgment must be dismissed without prejudice for lack of subject matter jurisdiction and this Court's order scheduling mediation as well as the mediation must be vacated.

## II.  Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary.  See id.

---

[2]Pursuant to the local rules, the defendant was to have filed a response, if any, on or before March 22, 2006.  See LR Civ P 7.02(b).  To date, no response has been filed.

Accordingly, the burden of establishing that the plaintiff's damages exceed the jurisdictional amount of $75,000.00 lies with the defendant. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998). This Court has consistently applied the "preponderance of evidence" standard to determine whether defendant has met its burden of proving the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00. See id.

Although courts strictly construe removal jurisdiction, see Mulcahey, 29 F.3d 151, the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When considering the amount in controversy requirement of § 1332(a), ethical considerations are also relevant. In Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), the court noted that an attorney's duty of candor imposed by Rule 11 of the state's rules of civil procedure should prevent the plaintiff's attorneys from using deceptive practices to avoid federal court

jurisdiction. Consequently, unless provided with a reason, a court should not assume that a plaintiff's attorney has represented falsely, or did not appreciate, the value of his or her client's case. See id.

Finally, it is a long-standing principle that amount in controversy is determined at the time the complaint was filed. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, if a post-removal event destroys the basis for removal jurisdiction available when the complaint was filed, a motion to remand should be denied. See Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 390 (1998); St. Paul Mercury, 303 U.S. at 292.

## IV. Discussion

In her motion to remand, the plaintiff does not deny that diversity exists, but argues that the defendant has not sufficiently demonstrated that the amount in controversy has been satisfied for jurisdictional purposes. The plaintiff contends that the defendant has not alleged specific facts necessary to support removal. The defendant filed no response, but in its notice of removal, the defendant indicated that "the matter in controversy may exceed the sum or value of $75,000.00." (Notice of Removal ¶ 4.) In support of this claim, the defendant points to the

4

plaintiff's allegations of severe and disabling personal injuries, future medical expenses, future lost wages, and permanent bodily injury.  Id.

After reviewing the plaintiff's complaint, the defendant's notice of removal and the plaintiff's brief in support of her motion to remand, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy.  The defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal.  See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).  The mere "threat" of certain damages, without more, does not give rise to federal jurisdiction.  See Landmark Corp. v. Apogee Coal Co., 945 F. Supp. at 932, 938 (S.D. W. Va. 1996).  Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00.  The fact that the plaintiff alleges certain injuries and damages in this action does not, without more, support removal jurisdiction based on amount in controversy in this action.

As a final matter, this Court has considered whether the automatic stay imposed under 11 U.S.C. § 362 prevents this Court from remanding this improperly removed action.  Several courts have considered this issue and found that the automatic stay provision does not leave a district court "helpless to remand an improperly removed action."  Diebel v. S.B. Trucking Company, 262 F. Supp. 2d

1319, 1333 (M.D. Fla. 2003); see also County of Cook v. Mellon Stuart Co., 812 F. Supp. 793, 798 n.3 (N.D. Ill. 1992)(stay under § 362 does not prevent court from remanding improperly removed case); Baxter Healthcare Corp. v. Hemex Liquidation Trust, 132 Bankr. 863, 867 (N.D. Ill. 1991)(remand to state court proper under bankruptcy removal statute despite automatic stay). This Court agrees with other district courts that the automatic stay provision of Chapter 11 does not prevent this Court from remanding this action in which subject matter jurisdiction is lacking.[3]

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED and the defendant's motion for summary judgment is DENIED WITHOUT PREJUDICE for lack of subject matter jurisdiction. In addition, the order scheduling mediation entered by this Court on March 8, 2006 as well as the mediation are hereby VACATED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

---

[3]This Court recognizes that the defendant may have an opportunity to file a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b). Of course, the defendant may not remove this action on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein, to the Clerk of the Circuit Court of Ohio County, West Virginia and to the mediator.

DATED:    April 4, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE